**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROSLYN HOWARD, )
)
Plaintiff, )
)
v. )    No. 4:26-CV-01090-RHH
)
ST. MARY'S HOSPITAL, )
)
Defendant. )

## OPINION, MEMORANDUM AND ORDER

Plaintiff Roslyn Howard brings this action under Title VII of the Civil Rights Act of 1964, alleging employment discrimination based on her race, color, gender and age[1] against her employer, St. Mary's Hospital. [ECF No. 1]. She sues Defendant for failure to promote, a hostile work environment/harassment, retaliation and bullying/physical assault.

On July 14, 2026, the Court ordered Plaintiff to file a copy of the Charge of Discrimination she filed with the Equal Employment Opportunity Commission. [ECF No. 4]. She did so on July 23, 2026. [ECF No. 5]. In Plaintiff's Charge, she specifically denoted that she was suffering discrimination at St. Mary's Hospital based on her race, color and gender. *See* ECF No. 5 at 1. She also asserted that she had suffered retaliation after complaining about workplace discrimination. *Id.* Moreover, in the body of her Charge, Plaintiff complains about harassment/hostile work environment from her direct supervisor. However, Plaintiff fails to allege in her Charge that she suffered from discrimination because of her age.

---

[1] This claim is brought pursuant to the Age Discrimination in Employment Act of 1967, although not specifically denoted as such in Plaintiff's Complaint.

Plaintiff's claims in her Complaint must be like or reasonably related to the claims outlined in her administrative Charge of Discrimination or they are subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).  Although "an EEOC complaint need not specifically articulate the precise claim, . . . [t]he EEOC charge must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Ringhofer v. Mayo Clinic, Ambulance,* 102 F.4th 894, 899 (8th Cir. 2024) (internal citations and quotations omitted). Therefore, Plaintiff's claims of employment discrimination in her Complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005).

Having reviewed the Complaint, the Charge of Discrimination, and the Notice of Right to Sue from the EEOC, the Court determines that Plaintiff has stated plausible claims against Defendant for race, color and gender (sex) discrimination under Title VII of the Civil Rights Act of 1964. She may also pursue her claims for bullying/physical assault. The Court will issue service on Defendant as to these claims. Plaintiff's claims for age discrimination, however, will be dismissed, as they are not "like or reasonably related" to those in her Charge of Discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 2] is **GRANTED.** The filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967 are **DISMISSED** due to Plaintiff's failure to exhaust her administrative remedies with respect to these claims. A separate Order of Partial Dismissal shall accompany this Opinion, Memorandum and Order.

2

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on Plaintiff's Complaint as to Plaintiff's remaining claims in this lawsuit. Defendant SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital-St. Louis shall be served through its registered agent C.T. Corporation System at 5661 Telegraph Rd. Ste 4B, Saint Louis, MO 63129-4275.

Dated this 30th day of July, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3